# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

HIREN VED,

        Plaintiff,

        v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

        Defendant.

Case No. 3:22-cv-00088-SLG

## ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Plaintiff Hiren Ved ("Ved") at Docket 15 and a Cross Motion for Summary Judgment filed by Defendant United States Citizenship and Immigration Services ("USCIS") at Docket 18. The parties' opposition and reply briefs are filed at Dockets 20 and 21-1. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

In 2003, Ved was admitted to the United States with H-1B nonimmigrant status, working lawfully for sponsoring employer Shoppers Haven on a temporary basis. While nonimmigrant workers are usually prohibited from intending to remain

in the United States indefinitely, those with H-1B status are an exception.[1]  If the sponsoring employer seeks to hire the alien worker permanently, it can seek an employment-based immigrant visa for that worker.  To start the process, it must obtain a permanent employment certification from the Department of Labor ("DOL") verifying that the position cannot be filled by U.S. workers and that the employment of an alien worker will not adversely impact the wages or working conditions of U.S. workers.[2]  With an approved labor certification, the employer can then file an I-140 petition with USCIS on behalf of the alien worker, referred to as the beneficiary of the petition.  The employer submits documents to show the beneficiary meets all of the job's requirements, which are specified by the employer in the labor certification application, and to show it has the ability to pay the specified wages.[3]  USCIS approves the petition if the employer demonstrates that the job offer is valid; that is, it has the ability to pay wages and the beneficiary is qualified for the job and otherwise eligible for the employment visa.[4]  Once approved, the beneficiary can apply for an adjustment of status to receive an employment-based immigrant visa and become a lawful permanent resident ("LPR").[5]  The I-140 petition is valid indefinitely because the adjustment of status

---

[1] 8 U.S.C. § 1184(h).

[2] 8 U.S.C. §§ 1153(b)(3)(C), 1182(a)(5)(A)(i).

[3] *Vemuri v. Napolitano*, 845 F. Supp. 2d 125, 127 (D.D.C. 2012); 8 C.F.R. § 204.5(g), (l).

[4] 8 U.S.C. §§ 1153(b)(3)(A)(ii), 1154(b); 8 C.F.R. § 204.5(g), (l).

[5] 8 U.S.C. § 1255(a); 8 C.F.R. §§ 204.5(n)(1), 245.1(a), 245.2 (a)(3)(ii).

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 2 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 2 of 26

process for employment-based visas can take many years, although it may be revoked by USICS at any time for "good and sufficient" cause pursuant to 8 U.S.C. § 1155.[6]

In May 2005, Shoppers Haven filed an I-140 immigrant visa petition on behalf of Ved, seeking to obtain a professional employment visa for Ved under 8 U.S.C. § 1153(b)(3)(A)(ii) so Ved could continue to work as its Sales and Marketing Manager.[7] It did so after obtaining the necessary DOL labor certification.[8] USCIS approved Shoppers Haven's I-140 petition for Ved in September 2005.[9] Ved then began the process of pursuing LPR status by filing a Form I-485 with USCIS.[10]

Ved never obtained LPR status. Rather, 11 years later, in 2016, USCIS revoked Shoppers Haven's I-140 petition for Ved; it maintained that Ved never possessed the education required under the applicable statutes and that the job

---

[6] 8 U.S.C. § 1155; 8 C.F.R. § 204.5(n)(3). Once USCIS grants the I-140 petition and the alien worker applies for LPR status, he must wait for an immigrant visa number and "[b]ecause there are limits on the number of such visas in each category and from each country, immigrants must often wait many years . . . , especially if they are from a country, like India, that sends a large number of immigrants to the United States." *iTech U.S., Inc. v. Renaud*, 5 F.4th 59, 61 (D.C. Cir. 2021) (quoting *Mantena v. Johnson*, 809 F.3d 721, 725 (2d Cir. 2015)).

[7] AR 975.

[8] AR 087-091. That certification was issued pursuant to the DOL regulations in effect prior to March 28, 2005.

[9] AR 1520.

[10] AR 1616-1719.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 3 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 3 of 26

offer from Shoppers Haven was not legitimate.[11]  That revocation was reversed by the Administrative Appeal Office ("AAO").  The AAO concluded that the record did not support the revocation —Ved had the required education and the job offer was bona fide, as Shoppers Haven had the ability to pay the proposed wages and Ved had in fact worked for Shoppers Haven for many years.[12]  However, it remanded the case for a new revocation proceeding, noting that the record did not contain sufficient evidence to show Ved had the necessary experience to work as the Sales and Marketing Manager for Shoppers Haven as of October 22, 2004,[13] which is the date Shoppers Haven began the visa process for Ved by filing for labor certification.  This date is referred to as the "priority date"[14]

USCIS then issued a denial of the I-140 petition.  The AAO reversed again, finding that the denial was procedurally improper because the I-140 petition had already been approved in 2005.  It remanded the case, instructing USCIS to pursue revocation under 8 U.S.C. § 1155 for "good and sufficient cause."[15]

In June 2020, after providing Shoppers Haven with an opportunity to

---

[11] AR 979-1000; AR 954-973.

[12] AR 738-745.

[13] AR 743-745; AR 975.

[14] AR 087, 739 n.1; 8 C.F.R. § 204.5(d) ("The priority date of any petition . . . shall be the date the labor certification application was accepted for processing by . . . [the] Department of Labor.").

[15] AR 314-316.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 4 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 4 of 26

respond, USCIS again revoked the petition, finding that Ved did not have the requisite six months of experience as of the priority date to qualify for the sales and marketing position and therefore the petition should not have been approved in 2005.[16]  As a result of the revocation, it also denied Ved's I-485 petition to obtain LPR status.[17]

After the AAO denied Ved's motion to reopen and/or reconsider the denial, leaving the USCIS's 2020 revocation decision undisturbed, Ved filed this civil action claiming the revocation was arbitrary and capricious in violation of the Administrative Procedure Act ("APA").  Given that the AAO declined the opportunity to reopen or reconsider the revocation, finding no new evidence to support reopening the matter and no showing of error in the revocation process or the analysis of the submitted evidence, USCIS's June 2020 revocation is the final agency action being challenged and subject to review.[18]

## LEGAL STANDARDS

The APA provides for judicial review of final agency action.[19]  When reviewing an agency decision, "the function of the district court is to determine

---

[16] AR 015-024.

[17] AR 1505, 1571.

[18] *Cf. Texas v. Biden*, 20 F.4th 928, 951 (5th Cir. 2021) ("[I]f the agency merely reaffirmed its decision without really opening the decision back up and reconsidering it, the agency's initial action is the only final agency action to review . . . .").

[19] 5 U.S.C. §§ 701-706.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 5 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 5 of 26

whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did."[20] Summary judgment serves as a mechanism for deciding the legal question of whether the agency's action is supported by the administrative record and is otherwise consistent with the APA standard of review.[21]

Under the APA, a court shall set aside a final agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[22] Under this standard, agency action may be set aside if the agency relied on factors Congress did not intend for it to consider, entirely failed to consider an important aspect of the case, offered an explanation that runs counter to the evidence before it, or is otherwise implausible.[23] While a court's inquiry must be thorough and careful, the scope of review is nonetheless narrow; a court may not substitute its judgment for that of the agency's.[24] A court must be "especially deferential in the context of immigration policy."[25]

---

[20] *City & Cnty. of San Francisco v. United States*, 130 F.3d 873, 877 (9th Cir. 1997) (quoting *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985)).

[21] *Id.*

[22] 5 U.S.C. § 706(2)(A).

[23] *Friends of Santa Clara River v. U.S. Army Corps of Eng'rs*, 887 F.3d 906, 920-21 (9th Cir. 2018); *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983).

[24] *Hells Canyon All. v. U.S. Forest Serv.*, 227 F.3d 1170, 1177 (9th Cir. 2000).

[25] *Jang v. Reno*, 113 F.3d 1074, 1077 (9th Cir. 1997).

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 6 of 26

# DISCUSSION

## I. Jurisdiction

USCIS argues that apart from the merits of this APA case, the Court must deny Ved's motion and dismiss this case for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(B). Section 1252(a)(2)(B) restricts judicial review of denials of discretionary relief that are related to removal decisions. It provides as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> (i)     any judgment regarding the granting of relief under section 1182(h) [a waiver of inadmissibility based on criminal offenses], 1182(i) [waiver of inadmissibility based on fraud or misrepresentation], 1229b [cancellation of removal], 1229c [permission for voluntary departure], or 1255 [adjustment of status] of this title, or
>
> (ii)    any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter [8 U.S.C. §§1151-1381] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title [relating to asylum].[26]

USCIS asserts that the revocation of an I-140 petition pursuant to 8 U.S.C. § 1155 is at the discretion of the Secretary of Homeland Security, acting through USCIS,[27] and thus not subject to judicial review under clause (ii).

Section § 1155 does, in fact, provide some discretion with regard to

---

[26] 8 U.S.C. § 1252(a)(2)(B).

[27] 6 U.S.C. § 271(b)(1); 8 C.F.R. § 205.2(a).

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 7 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 7 of 26

revocation. It allows USCIS "at any time" and "for what [it] deems to be good and sufficient cause" to revoke the approval of an immigration visa petition. However, under Ninth Circuit law, § 1252(a)(2)(B)(ii) only blocks judicial review if the discretion granted to the agency by statute is pure and unfettered rather than guided by legal standards.[28] The Ninth Circuit applied this standard to § 1155 revocations in *ANA International, Inc. v. Way*.[29] It held that the discretion given to USCIS to revoke I-140 petitions is not "unfettered and plenary."[30] It explained that the "good and sufficient cause" language provides a meaningful standard by which the USCIS must act when deeming revocation appropriate.[31] It therefore held that the jurisdiction stripping provision of § 1252(a)(2)(B)(ii) does not apply to revocation decisions under § 1155.

USCIS urges the Court to disregard *ANA* as incorrectly determined. It relies on the fact that the Ninth Circuit is alone in its holding that USCIS revocations under § 1155 are not shielded from judicial review under clause (ii). It also points to the Supreme Court's recent decision in *Patel v. Garland*,[32] which addressed the scope of § 1252(a)(2)(B)(i) in particular. Clause (i) strips courts of jurisdiction over

---

[28] *See Perez v. Wolf*, 943 F.3d 853, 866 (9th Cir. 2019) (discussing *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 689 (9th Cir. 2003)).

[29] 393 F.3d 886 (9th Cir. 2004).

[30] *Id.* at 893.

[31] *Id.* at 893-94.

[32] 142 S.Ct. 1614 (2022).

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 8 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 8 of 26

"any judgment regarding the granting of relief" under specific sections of the immigration statutes, and the Court held that this provision includes not just the ultimate judgments denying discretionary relief but also any related factual findings that underlie the decision to deny relief, such as eligibility determinations. It clarified that it does not matter whether those underlying factual findings are discretionary or not. USCIS asserts that *Patel* supports a broader application of § 1252(a)(2)(B) as a whole and guides lower courts to shield more immigration decisions from judicial review.

Regardless of any doubt that may arise because of the Ninth Circuit's lone position on this jurisdictional issue or the Supreme Court's decision to apply § 1252(a)(2)(B)(i) more broadly than some courts have previously, *ANA* remains valid law in this Circuit that is binding on this Court. *Patel* did not address § 1252(a)(2)(B)(ii). While it did suggest that Congress may have intended to preclude review of all USCIS's denials of discretionary relief under § 1252(a)(2)(B), even if made outside of the removal context, it specifically noted that the reviewability of such decisions was not before the Court.[33] It did not address how courts should determine if a decision is adequately discretionary under clause (ii). That is, there is nothing in *Patel* that more generally touches upon the Ninth Circuit's conclusion that clause (ii) only bars judicial review if the agency's discretion is unfettered and not otherwise guided by discernible legal standards,

---

[33] *Id.* at 1626.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 9 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 9 of 26

let alone any discussion that directly questions the Ninth Circuit's holding in *ANA* that § 1155 revocations are reviewable. Moreover, the Ninth Circuit has affirmed its interpretation of § 1252(a)(2)(B)(ii) as recently as 2019.[34] That same year it also specifically discussed *ANA* when determining whether the USCIS's denial of a national security waiver was reviewable under § 1252(a)(2)(B)(ii), declining to extend *ANA* any further given that its holding is an outlier but acknowledging that it remains valid as it applies to § 1155.[35]

In light of the foregoing, the Court concludes that it has jurisdiction to review USCIS's revocation of Ved's I-140 petition.

## II.    USCIS's Revocation of Ved's I-140 Petition

The Court turns to the administrative record to consider whether USCIS's revocation of Ved's petition was contrary to the evidence contained therein or otherwise without plausible basis of good and sufficient cause. USCIS's approval process for I-140 petitions required the agency to consider whether Ved was a qualified professional with a baccalaureate degree eligible for a visa under 8 U.S.C. § 1153(b)(3)(A)(ii). In 2005, it found that Ved was eligible under the statute and approved the petition. Over a decade later, however, it reconsidered the petition and concluded that it should not have been approved, and because the agency considers erroneous approval to be "good cause" under § 1155, it

---

[34] *Perez*, 943 F.3d at 865-68.

[35] *Poursina v. USCIS*, 936 F.3d 868, 875 (9th Cir. 2019).

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 10 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 10 of 26

proceeded with revocation proceedings.[36] Ultimately it determined that Ved lacked the six months experience as of October 22, 2004, that Shoppers Haven had indicated was required for the position.

The qualifications for any particular job are set by the employer when it files for permanent employment certification with the DOL.[37] The application requires the employer to describe the duties of the job being offered to the alien worker and the minimum requirements an applicant needs to satisfy in order to perform that job. This information is necessary so the DOL can verify that the job cannot be filled by U.S. workers; but this information also becomes the basis for USCIS's subsequent qualifications inquiry.[38]

Shoppers Haven filled out the prior version of the DOL's labor certification application, ETA Form 750.[39] This form had two parts: In the first part the employer describes the job and its minimum eligibility requirements and in the second part the beneficiary lists his or her prior work experience.[40] Shoppers Haven listed the

---

[36] *Matter of Ho*, 19 I&N Dec. 582, 589-90 (BIA 1988).

[37] *See, e.g., Matter of Symbioun Techs., Inc.*, 2010-PER-01422, 2011 WL 5126284, at *2 (BALCA Oct. 24, 2011); *Madany v. Smith*, 696 F.2d 1008, 1015 (D.C. Cir. 1983).

[38] 8 U.S.C. §§ 1153(b)(3)(C), 1182(a)(5)(A)(i); *Madany*, 696 F.2d at 1015.

[39] On March 28, 2005, ETA Form 750 was replaced by ETA Form 9089, which is a reorganized and more detailed revision of Form 750. Shoppers Haven filed its certification application before the new form and accompanying agency regulations went into effect.

[40] *See* AR 088-091.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 11 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 11 of 26

duties of the Sales and Marketing Manager as follows:

> Oversee an assigned staff of ten employees and direct the sales staff. Prepare sales plan and projections and drafts. Evaluate work schedules and assign employees to specific duties in order to meet goals and quotas. Formulate pricing policies on merchandise according to requirements for profitability of store operations taking into account market trends. Coordinate sales promotions and marketing activities and instruct workers regarding merchandise displays. Supervise employees engaged in sales work, inventory, and sales data analysis. Handling sales function, establish sales plan definition of tools, strategies campaigns, calendar and other key elements necessary ti [*sic*] these activities.[41]

Shoppers Haven specified in a subsection entitled "Special Requirements" that the job required knowledge of and experience with "Ansoff Model Analyst [sic]: Strength Weakness Opportunities and Threads [sic] ["SWOT"] Analysis."[42] A different subsection indicated that the job required a minimum of six months experience.[43]

In the second part of ETA Form 750, Ved listed the jobs he had held during the previous three years. Ved disclosed that he had been working at Shoppers Haven as the Sales and Marketing Manager since February 2003 and thus had been performing the job and all its duties.[44] He also listed a job he had with

---

[41] AR 88.

[42] *Id.*

[43] *Id.*

[44] AR 91.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 12 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 12 of 26

Armstrong World Industries ("AWI") in India as a "management trainee" from May 2002 through February 2003.[45]  He claimed that the job required him to conduct market research to launch new products, create promotional programs for those products, and apply Ansoff Model SWOT Analysis for product and market development.[46]  ETA Form 750 instructs the beneficiary to list all jobs held in the past three years.  It also instructs the beneficiary to list any other relevant experience; but Ved only listed his employment history going back three years.

The DOL initially issued a letter stating its intention to deny the certification and requesting more information from Shoppers Haven.[47]  Based on the specified job duties and requirements and Ved's prior work history, the DOL questioned whether the Sales and Marketing Manager position could not be filled by a U.S. worker.  Specifically, it questioned why the one U.S. applicant for the position had been rejected when he had store management experience.[48]  It noted that if that applicant had been rejected because of the special requirement that an applicant have experience in Ansoff Model SWOT Analysis, Shoppers Haven needed to demonstrate that this requirement existed before Ved's hiring in 2003 or otherwise

---

[45] *Id.*

[46] *Id.*

[47] AR 468-471.

[48] It cited 20 C.F.R. § 656.21(b)(6) (2004), which was the governing regulation for Shoppers Haven's certification application.  Section 656.21(b)(6) provided that U.S. workers applying for a job opportunity offered to an alien could only be rejected for lawful job-related reasons.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 13 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 13 of 26

show that a business necessity for its managers to have such experience arose after Ved's hiring.[49]  The DOL also questioned whether six months of experience was really the minimum experience Shoppers Haven would accept, citing 20 C.F.R. § 656.21(b)(5), which was the governing regulation at that time.[50]  It noted that if Ved had gained experience while on the job, Shoppers Haven had to explain why a U.S. worker could not likewise do so.

Shoppers Haven responded with documentation explaining why experience with Ansoff Model SWOT Analysis was a business necessity.[51]  It acknowledged that the position did not exist prior to Ved "as such" but that it needed to hire a manager who was familiar with this marketing strategy in order to remain profitable in the "highly competitive jewelry industry."[52]  It explained how the one U.S. applicant did not have any marketing experience, let alone any knowledge of Ansoff Model SWOT Analysis.  While Ved had been working in the job since 2003,

---

[49] AR 469-470.  *See also* 20 C.F.R. 656.21(b)(2)(i)(2004) (requiring an employer to show that it is describing the job "without unduly restrictive job requirements" and stating that there must be a "business necessity" for requirements that are not otherwise normally required for the type of job at issue).

[50] AR 470. In 2004, 20 C.F.R. 656.21(b)(5) provided as follows: "The employer shall document that its requirements for the job opportunity, as described, represent the employer's actual minimum requirements for the job opportunity, and the employer has not hired workers with less training or experience for jobs similar to that involved in the job opportunity or that it is not feasible to hire workers with less training or experience than that required by the employer's job offer."

[51] AR 472-476.

[52] AR 473.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 14 of 26

Shoppers Haven stressed that he already possessed the requisite marketing knowledge and experience before being hired. It provided evidence that Ved's management degree included coursework in marketing models and strategies and evidence of a job Ved held with Parekh Marketing Limited ("Parekh") in India from June 1997 through July 1998 that required him to achieve certain sales figures, launch new products and promotional programs for those products, and apply marketing strategies such as Ansoff Model SWOT Analysis.[53] DOL presumably was satisfied with this explanation as in March 2005 it granted the certification, which thereby verified that offering the position to Ved would not take the job away from U.S. workers or otherwise adversely affect the labor market.[54]

The I-140 petition, which included evidence in support of Ved's work history, was then approved by USCIS without incident in September 2005. But upon reconsideration of the file in 2016, USCIS determined Ved had not submitted enough credible and reliable evidence to show he possessed six months of relevant experience as of October 22, 2004, the priority date.[55] It rejected the letter from Ved's prior employer, AWI, as evidence of qualifying experience because the letter only stated that Ved had worked as a "management trainee" and did not otherwise specify what particular duties Ved performed, as is required under 8

---

[53] AR at 474, 615.

[54] AR 592.

[55] AR 015-024.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 15 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 15 of 26

C.F.R. § 204.5(g)(1).[56]  It rejected Ved's argument that the term "management trainee" is understood in the industry to include all types of management duties.  It found that even with the additional evidence about what is meant by this industry term, the record did not show which of those many duties Ved actually performed while working at AWI.[57]  It found a later-submitted letter from one of Ved's co-workers at AWI to be unreliable because the co-worker did not have an independent recollection of what they did as management trainees but rather merely confirmed Ved's description after reviewing his labor certification application.[58]

USCIS also rejected the letter from Parekh that described Ved's experience while working for the company in the late 1990s because the letter was not dated and because Ved had not listed that job on the ETA Form 750, which it said "cast doubt on the purported experience."[59]  Alternatively, it found that even if it were to accept the letter as evidence of credible job experience, it did not state that the job provided Ved experience with supervising staff, formulating pricing policies, or handling customer complaints.[60]  It also acknowledged that Ved had earned

---

[56] AR 018; AR 598.

[57] AR 019.

[58] AR 023 n. 1; AR 599.

[59] AR 019; AR 615.

[60] AR 019.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 16 of 26

experience while working at Shoppers Have from February 2003 up to the priority date, but it would not count that as qualifying experience because it found that Shoppers Haven had not relied on that experience in the DOL labor certification process, asserting instead to the DOL that Ved was qualified for the job at the time of hire.[61]

After due consideration of the administrative record and the reasons given for its decision, the Court concludes that USCIS's revocation of Ved's I-140 petition based on Ved's lack of six months experience is arbitrary because it lacks support in the record and is otherwise without plausible basis. First, its conclusion that Ved's prior job with Parekh is not credible work experience because it was not initially disclosed to the DOL is not adequately explained or supported.[62] In rejecting this experience, USCIS cited a 1976 BIA opinion, *Matter of Leung,*[63] in which the board upheld the denial of a request for adjustment of status. The denial was based on the fact that all of the beneficiary's qualifying job experience was gained while illegally in this country, which it found could not support his eligibility. During the adjustment of status process, to address this problem, the beneficiary

---

[61] AR 020-022.

[62] It also rejected the Parekh letter as unreliable evidence because it lacked a signature date, but nothing in the applicable regulation, 8 C.F.R. § 204.5(g)(1), requires a letter to have a dated signature.

[63] 16 I&N Dec. 12 (BIA 1976). USCIS also cited *Matter of Lam*, 16 I&N Dec. 432, 434 (BIA 1978), but that case dealt with the issue of qualifying experience gained through unauthorized employment in the United States and does not otherwise support USCIS's disregard of Ved's prior experience with Parekh.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 17 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 17 of 26

declared that he also had prior relevant experience working as a cook for a restaurant in his home country of China that could qualify him for the work visa. But the board found this assertion not credible because, along with other evidence undermining the veracity of this prior employment, it had not been disclosed or relied upon in the DOL certification application.[64]

The circumstances here are distinguishable and do not similarly justify a finding that Ved cannot rely on his job with Parekh to show eligibility. Not only does that case have a different underlying procedural posture, here, unlike in *Leung*, the DOL was in fact given notice of Ved's additional past experience at Parekh before issuing its labor certification. As described above, after Shoppers Haven submitted the labor certification application, DOL questioned whether the job offered to Ved could be filled by a U.S. applicant; Shoppers Haven and Ved thereafter described his employment with Parekh, which dated back to 1997, to demonstrate that, unlike the rejected U.S. applicant, Ved had the required marketing analysis experience that Shoppers Haven sought. DOL then issued the certification after receiving that information.

There is nothing about the timing of Ved's disclosure that calls into question its legitimacy. In *Leung*, the applicant attempted to add qualifying experience

_____

[64] *Leung* involved the denial of an adjustment of status during the beneficiary's second attempt to secure an employment-based visa. The first attempt was denied at the petition stage after an investigation revealed that the beneficiary had not been employed at that same restaurant in China and that the declaration stating as much had been fraudulent.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 18 of 26

years after the certification process, during an adjustment of status examination. Nothing like that happened here. ETA Form 750 first instructs the beneficiary to list his prior three years' experience, which Ved did. It then instructs the beneficiary to provide any additional job experience that would be relevant, which Ved did not. He remedied that omission during the application review process, making the DOL aware of his full relevant work history before it granted the certification. The Parekh evidence has been a part of the record since the labor certification stage; it was not belatedly introduced in an effort to avoid revocation. Moreover, the prior job the beneficiary sought to rely on in *Leung* had been explicitly discredited following an investigation associated with a prior attempt at obtaining a visa. No such accompanying evidence of falsified employment exists here.

USCIS asserted in its decision that even if were to consider Ved's job with Parekh, that job did not fully qualify Ved to work as Shoppers Haven's Sales and Marketing Manager. The letter submitted by Parekh describes Ved's job as one primarily related to marketing and sales and therefore did not provide him with experience in supervising staff or otherwise managing a store, which was an aspect of the Shoppers Haven position. Even assuming that the six months experience requirement set by Shoppers Haven applied strictly to each and every duty associated with the manager position, the experience Ved gained working with Shoppers Haven as its Sales and Marketing Manager before the priority date provided him with the necessary supervisory and store management experience.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 19 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 19 of 26

USCIS, however, did not count Ved's approximate 18 months of experience with Shoppers Haven before the priority date as qualifying experience. This rejection is again without support. USCIS, in its review of I-140 petitions, is tasked with determining whether the beneficiary is qualified for the job as it was described by the employer during the labor certification process. Per USCIS's regulations and governing opinions, the beneficiary must be qualified *as of the priority date* associated with the application, which is the date the DOL receives the employer's certification application. Thus, USCIS's inquiry should have been whether Ved had the necessary six months experience as of October 22, 2004. He indisputably did, as he had been acting as Shoppers Haven's Sales and Marketing Manager for more than a year ahead of that priority date, albeit on a temporary basis.[65] USCIS's argument that Ved cannot use that experience to show he was qualified as of October 22, 2004 effectively pushes back the priority date for Ved to the date he was initially hired by Shoppers Haven.

USCIS's justification for doing so is not clearly stated in the revocation decision but it appears to be based on its review of the DOL's labor certification inquiry, which focused on whether Shoppers Haven's job requirements were unduly restrictive and whether Shoppers Haven had complied with 20 C.F.R.

---

[65] There is evidence in the record certifying Ved began working for Shoppers Haven in February 2003. AR 077. Indeed, the AAO, in its reversal of the USCIS's first attempt at revocation, noted that Shoppers Haven's tax forms showed Ved was employed by Shoppers Haven beginning in 2003. AR 742.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 20 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 20 of 26

§ 656.21(b)(5) (2004). That regulation has since been replaced by 20 C.F.R. § 656.17(i), which similarly requires a showing that the job requirements listed by the employer are actual and not otherwise meant to exclude U.S. workers. But the current regulation is more specific about what an employer needs to show if the alien beneficiary is already employed by the employer prior to the priority date. Despite the parties' apparent confusion on this issue in their briefing, the former regulation was the one governing the DOL's analysis. The former regulation required the sponsoring employer to demonstrate that the listed requirements for the job offered were the actual minimum needed by showing that it had not hired workers with less experience for that type of job, or, if it had, by showing that it was infeasible to hire workers with less experience as of the priority date.[66] Based on this regulation, if the beneficiary was already employed by the employer, the DOL considered the experience possessed by the beneficiary at the time of hiring.[67] The purpose of this consideration was so the DOL could decide whether the employer was requiring a U.S. worker to have more experience than the beneficiary did at the time he was hired, which would suggest that the job requirements were not actually the minimum needed by the employer but rather tailored to the benefit of the alien worker.

USCIS concluded that if Ved had relied on his on-the-job experience at

---

[66] 20 C.F.R. § 656.21(b)(5) (2004); AR 222-223.

[67] AR 470.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 21 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 21 of 26

Shoppers Haven, the DOL would not have issued the labor certification. Therefore, USCIS disregarded that experience for purposes of evaluating Ved's petition. Specifically, it noted that Shoppers Haven did not assert to the DOL that Ved had in fact gained some of the necessary experience during his tenure as its Sales and Marketing Manager before the priority date and therefore found that the DOL did not consider that experience as part of its labor inquiry. USCIS concluded that the record "raises the question of whether the job offer was influenced by [Ved] and whether that influence led to the rejection of qualified and available U.S. workers."[68]

USCIS's reliance on its interpretation of DOL's former regulation to reject Ved's on-the-job experience at Shoppers Haven for the purpose of evaluating his qualifications was erroneous.[69] Again, the basis for USCIS's revocation was not the legitimacy of the job offer; the AAO had already determined that the job offer was bona fide. The USCIS's stated concern was only about Ved's qualifying work experience. The former DOL regulation simply did not address or otherwise relate to the question of what constitutes qualifying work experience, as it was a DOL regulation, not a USCIS one. As such, it was part of the DOL's process for

---

[68] AR 021.

[69] Furthermore, the DOL's labor certification decision is not subject to review by USCIS absent fraud or willful misrepresentation. *Madany*, 696 F.2d at 1012; *see also Tongatapu Woodcraft Hawaii, Ltd. v. Feldman*, 736 F.2d 1305, 1309 (9th Cir. 1984) ("[USCIS] is bound by the DOL's certification and may invalidate it only upon determining that it was procured through fraud or willful misrepresentation of material fact . . . .").

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 22 of 26

determining whether the job's requirements were the actual minimum needed, which in turn was part of the DOL's larger task of determining whether the job offer adversely affected U.S. workers.  Here, back in 2004-05, the DOL applied its own regulation by questioning whether Shoppers Haven's requirements for the job were authentic and whether a U.S. worker could be trained to learn these skills and strategies if Ved had been.[70]  Shoppers Haven replied by asserting that Ved's marketing analysis experience was gained outside of the job and that it needed its manager to have this knowledge to continue running the business at its current profitability levels.[71]  DOL, presumably satisfied with that explanation, approved the certification in March 2005.  The applicability of the DOL regulation ends there. It has no bearing on whether Ved's experience was otherwise sufficient and valid. USCIS's revocation decision did not cite any regulation or case to support its reasoning that on-the-job training cannot count as qualifying experience to support a professional work visa if it doubts the correctness of the DOL's consideration of that on-the-job experience as it relates to the labor certification.[72]

---

[70] AR 469-471.

[71] AR 472-476.

[72] Both parties cite the current DOL regulation in their briefs.  As noted above, 20 C.F.R. § 656.17(i) was not the governing regulation at the time of Shoppers Haven's labor certification.  Furthermore, like 20 C.F.R. § 656.21(b)(5), section 656.17(i) is a DOL regulation that addresses how the DOL will verify that the job's requirements are the actual minimum needed by the employer and not otherwise functioning to exclude U.S. workers for the job. It says nothing about how on-the-job training should affect the USCIS's subsequent analysis of the beneficiary's qualifications.

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 23 of 26

It may be that, apart from relying on the former DOL regulation itself, USCIS could otherwise reasonably discount on-the-job experience for reliability reasons if that experience was not properly disclosed to and considered by the DOL during the labor certification process. Even if that is the case, as the USCIS seemed to suggest in its revocation decision, the record still does not support USCIS's rejection of Ved's prior experience with Shoppers Haven. USCIS stated that the DOL had not been made aware of the experience Ved gained with Shoppers Haven, but this is incorrect. The ETA Form 750 listed Ved's employment with Shoppers Haven beginning in 2003. Indeed, the DOL specifically indicated in its communications with Shoppers Haven that it understood Ved had gained experience while working for Shoppers Haven and because of that asked for more documentation from Shoppers Haven. Thus, contrary to USCIS's finding, the DOL clearly was aware of Ved's prior experience at Shoppers Haven and conducted further inquiry as was needed to complete its labor market evaluation.

USCIS also asserted in its revocation decision that Shoppers Haven, in response to the DOL's inquiries, represented that Ved was fully qualified for the Shoppers Haven job prior to being hired in 2003 and therefore Ved cannot now rely on his Shoppers Haven experience to qualify for the job. But this is an inaccurate representation of the record. Shoppers Haven listed the job on ETA Form 750 as part of Ved's qualifying work history and later stated to the DOL, for clarification purposes, that Ved had the necessary *marketing knowledge and*

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 24 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 24 of 26

*experience* before being hired, which was experience the U.S. applicant did not have. While Shoppers Haven's written response to the DOL contains a heading that states "[Ved] at the time of hire had the qualifications now required," it is clear from the text that follows that Shoppers Haven was specifically discussing its requirement for experience with Ansoff Model SWOT Analysis, which was the primary focus of the DOL's inquiry, and not the six months managerial experience requirement.

Ved need not show his eligibility for a visa beyond all doubt. Rather, the evidence presented must demonstrate that his claim of eligibility is probably true.[73] With the inclusion of Ved's Shoppers Haven experience, there is ample evidence to meet this standard and support USCIS's initial determination that Ved had the necessary qualifications as of October 22, 2004 to be hired as the Sales and Marketing Manager for Shoppers Haven. With no error present in the initial approval, there is no "good and sufficient" basis to support the USCIS's revocation.

## CONCLUSION

Based on the foregoing discussion, Ved's Motion for Summary Judgment at docket 15 is GRANTED and USCIS's Cross Motion for Summary Judgment at docket 18 is DENIED. USCIS's decision to revoke Ved's I-140 petition pursuant to § 1155 is without support in the record and thus is arbitrary and capricious under

---

[73] *Matter of Chawathe*, 25 I&N Dec. 369, 376 (USCIS AAO 2010)

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 25 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 25 of 26

the APA. It is hereby ordered that this case be remanded to the appropriate USCIS office where it shall take such steps as may be necessary to withdraw its revocation and reinstate Ved's I-140 petition and status, as well as any I-485 application that was denied based on such revocation.

The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 6th day of March, 2023, at Anchorage, Alaska.


/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00088-SLG, *Ved v. United States Citizenship & Immigration Services*
Order Re Motions for Summary Judgment at Dockets 15, 18
Page 26 of 26

Case 3:22-cv-00088-SLG   Document 23   Filed 03/06/23   Page 26 of 26